IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------

| | | |
|---|---|---|
| George Bacskai | : | CIVIL ACTION NO. 03-CV- |
| 702 Stones Crossing | : | |
| Easton, PA 18045, | : | |
| | : | |
| John R. Craigle | | |
| 20 Wayne Avenue | | |
| Alpha, NJ 08865, | : | |
| | : | |
| Howard DeLong | : | |
| 4321 Freemansburg Avenue | : | |
| Bethlehem, PA 18042, | | |
| | : | |
| Frank H. Glanz | : | |
| 2743 Lincoln Avenue | : | |
| Easton, PA 18042, | | |
| | : | |
| Arnold Gonzales | : | |
| 112 Buckhead Park Circle | : | |
| Greentown, PA 18426, | | |
| | : | |
| William R. LaBar, Sr. | : | |
| 35 Ridge Road | : | |
| Phillipsburg, NJ 08865, | | |
| | : | |
| Joseph Puccio | : | |
| 135 Vista Drive | : | |
| Easton, PA 18045, | | |
| | : | |
| Estate of John Stefano | : | |
| (Sharon Stefano, executrix) | : | |
| 403 Ohio Avenue | : | |
| Phillipsburg, NJ 08865, | | |
| | : | |
| Russell A. Storm, Jr. | : | |
| 597 Grouse Drive | : | |
| Bath, PA 18014, | | |
| | : | |
| Harold R. VanSeters | : | |
| 2630 Belvidere Road | : | |
| Phillipsburg, NJ 08865, | : | |

:

Case 2:03-cv-05931-JKG   Document 1   Filed 10/27/03   Page 2 of 15

| | |
|---|---|
| Kenneth Weaver, Jr. | : |
| 2481 Schlegel Road | : |
| Bath, PA 18014, | : |
| | : |
| John Zagra | : |
| 11 Park Avenue | : |
| Belvidere, NJ 07823 | : |
| Plaintiffs, | : |
| | : |
| -v- | : JURY TRIAL DEMANDED |
| | : |
| BELL & HOWELL COMPANY | : |
| 795 Roble Road | : |
| Allentown, PA 18103, | : |
| | |
| BELL & HOWELL MAIL & | : |
| MESSAGING TECHNOLOGIES | : |
| 795 Roble Road | : |
| Allentown, PA 18103, | : |
| | |
| BELL & HOWELL | : |
| 795 Roble Road | : |
| Allentown, PA 18103, | : |
| | |
| BELL & HOWELL IMAGING COMPANY | : |
| 795 Roble Road | : |
| Allentown, PA 18103, | : |
| | |
| BELL & HOWELL, LTD. | : |
| 795 Roble Road | : |
| Allentown, PA 18103, | : |
| | |
| BELL & HOWELL MAIL PROCESSING | : |
| 795 Roble Road | : |
| Allentown, PA 18103, | : |
| | |
| PROQUEST COMPANY, | : |
| d/b/a BELL & HOWELL | : |
| 795 Roble Road | : |
| Allentown, PA 18103, | : |

3

4

| | |
|---|---|
| GLENCOE CAPITAL | : |
| 795 Roble Road | : |
| Allentown, PA 18103, | : |
| | |
| BOWE BELL & HOWELL | : |
| 795 Roble Road | : |
| Allentown, PA 18103, | : |
| | |
| BOWE BELL & HOWELL | : |
| MAIL & MESSAGING TECHNOLOGIES | : |
| 795 Roble Road | : |
| Allentown, PA 18103, | : |
| | |
| BOWE BELL & HOWELL | : |
| POSTAL SYSTEMS, INC. | : |
| 795 Roble Road | : |
| Allentown, PA 18103, | : |
| | : |
| and | : |
| | : |
| ABC CORP. 1-10 | : |
| (FICTITIOUS CORPORATION) | : |
| | : |
| Defendants. | : |

## COMPLAINT

Plaintiffs bring this suit to recover for federal and state statutory violations, as follows:

## PARTIES

1.     Plaintiff George Bacskai resides at 702 Stones Crossing, Easton, Northampton County, Pennsylvania. Plaintiff George Bacskai, was born on January 16, 1943, and began working for Defendants on or about April 28, 1969.

5

2.	Plaintiff John R. Craigle resides at 20 Wayne Street, Alpha, Warren County, New Jersey. Plaintiff John R. Craigle, was born on February 22, 1944, and began working for Defendants on or about August 22, 1966.

3.	Plaintiff Harold DeLong resides at 4321 Freemansburg Avenue, Bethlehem, Northampton County, Pennsylvania.  Plaintiff Harold DeLong, was born on March 30, 1945, and began working for Defendants on or about October 7, 1968.

4.	Plaintiff Frank H. Glanz resides at 2473 Lincoln Avenue, Easton, Northampton County, Pennsylvania.  Plaintiff Frank H. Glanz, was born on February 5, 1945, and began working for Defendants on or about August 20, 1980.

5.	Plaintiff Arnold Gonzales resides at 112 Buckhead Park Circle, Greentown, Pike County, State.  Plaintiff Arnold Gonzales, was born on January 16, 1946, and began working for Defendants on or about December 17, 1984.

6.	Plaintiff William R. LaBar, Sr. resides at 35 Ridge Road, Phillipsburg, Warren County, New Jersey.  Plaintiff William R. LaBar, Sr., was born on December 20, 1944, and began working for Defendants on or about April 2, 1973.

7.	Plaintiff Joseph Puccio resides at 135 Vista Drive, Easton, Northampton County, Pennsylvania.  Plaintiff Joseph Puccio, was born on June 30, 1946, and began working for Defendants on or about March 31, 1969.

8.	Plaintiff John Stefano (deceased) wife Sharon Stefano resides at 403 Ohio Avenue, Phillipsburg, Warren County, New Jersey.  Plaintiff John Stefano, was born on June 21, 1946 and deceased on August 11, 2002, and began working for Defendants on or about January 3, 1967.

Sharon Stefano has been appointed executrix and brings this action on behalf of the Estate of John Stefano.

9. Plaintiff Russell A. Storm, Jr. resides at 597 Grouse Drive, Bath, Northampton County, Pennsylvania. Plaintiff Russell A. Storm, Jr., was born on January 21, 1941, and began working for Defendants on or about September 17, 1984.

10. Plaintiff Harold R. VanSeters resides at 2630 Belvidere Road, Phillipsburg, Warren County, New Jersey. Plaintiff Harold R. VanSeters, was born on February 21, 1945, and began working for Defendants on or about June 4, 1968

11. Plaintiff Kenneth Weaver, Jr. resides at 2481 Schlegel Road, Bath, Northampton County, Pennsylvania. Plaintiff Kenneth Weaver, Jr., was born on February 17, 1946, and began working for Defendants on or about August 2, 1965.

12. Plaintiff John Zagra resides at 11 Park Street, Belvidere, Warren County, New Jersey. Plaintiff John Zagra, was born on April 14, 1946, and began working for Defendants on or about November 14, 1968.

13. Each of the plaintiffs were employed by an entity which held itself out as Bell & Howell. Bell & Howell has operated under various corporate names and has had various owners. After reasonable investigation plaintiffs have a reasonable belief that each of the named defendants may be the actual employer of plaintiffs, Bell & Howell.

14. Defendant Bell & Howell Company (hereinafter, "Bell & Howell") is a corporation which employs over 200 people and maintains a principal place of business in Allentown, Lehigh County, in the Commonwealth of Pennsylvania. Bell & Howell Company, at all relevant times, was Plaintiffs' employer.

15. Defendant Bell & Howell Mail & Messaging Technologies (hereinafter, "Bell & Howell") is a corporation which employs over 200 people and maintains a principal place of business in Allentown, Lehigh County, in the Commonwealth of Pennsylvania. Bell & Howell Mail & Messaging Technologies,

7

at all relevant times, was Plaintiffs' employer.

16. Defendant Bell & Howell (hereinafter, "Bell & Howell") is a corporation which employs over 200 people and maintains a principal place of business in Allentown, Lehigh County, in the Commonwealth of Pennsylvania. Bell & Howell, at all relevant times, was Plaintiffs' employer.

17.. Defendant Bell & Howell Imaging Company (hereinafter, "Bell & Howell") is a corporation which employs over 200 people and maintains a principal place of business in Allentown, Lehigh County, in the Commonwealth of Pennsylvania. Bell & Howell Imaging Company, at all relevant times, was Plaintiffs' employer.

18. Defendant Bell & Howell, LTD (hereinafter, "Bell & Howell") is a corporation which employs over 200 people and maintains a principal place of business in Allentown, Lehigh County, in the Commonwealth of Pennsylvania. Bell & Howell, LTD at all relevant times, was Plaintiffs' employer.

19. Defendant Bell & Howell Mail Processing (hereinafter, "Bell & Howell") is a corporation which employ over 200 people and maintains a principal place of business in Allentown, Lehigh County, in the Commonwealth of Pennsylvania. Bell & Howell Mail Processing at all relevant times, was Plaintiffs' employer.

20. Defendant ProQuest Company, d/b/a Bell & Howell (hereinafter, "Bell & Howell") is a corporation which employs over 200 people and maintains a principal place of business in Allentown, Lehigh County, in the Commonwealth of Pennsylvania. ProQuest Company, d/b/a Bell & Howell at all relevant times, was Plaintiffs' employer.

21. Defendant Glencoe Capital (hereinafter, "Bell & Howell") is a corporation which employs over 200 people and maintains a principal place of business in Allentown, Lehigh County, in the

Commonwealth of Pennsylvania. Glencoe Capital at all relevant times, was Plaintiffs' employer.

22. Defendant Bowe Bell & Howell (hereinafter, "Bell & Howell") is a corporation which employs over 200 people and maintains a principal place of business in Allentown, Lehigh County, in the Commonwealth of Pennsylvania. Bowe Bell & Howell at all relevant times, was Plaintiffs' employer.

23. Defendant Bowe Bell & Howell Mail & Messaging Technologies (hereinafter, "Bell & Howell") is a corporation which employs over 200 people and maintains a principal place of business in Allentown, Lehigh County, in the Commonwealth of Pennsylvania. Bowe Bell & Howell Mail & Messaging Technologies at all relevant times, was Plaintiffs' employer.

24. Defendant Bowe Bell & Howell Postal Systems, Inc. (hereinafter, "Bell & Howell") is a corporation which employs over 200 people and maintains a principal place of business in Allentown, Lehigh County, in the Commonwealth of Pennsylvania. Bowe Bell & Howell Postal Systems, Inc. at all relevant times, was Plaintiffs' employer.

25. Defendants ABC Corp. 1-10 (Fictitious Corporation), (hereinafter, "Bell & Howell") are corporations which employ over 200 people and maintain a principal place of business in Allentown, Lehigh County, in the Commonwealth of Pennsylvania. ABC Corp. 1-10 (Fictitious Corporation) at all relevant times, were Plaintiffs' employer.

## JURISDICTION AND VENUE

26. Jurisdiction in this Court is asserted under the provisions of 28 U.S.C. §§1331 and 1343.

27.	Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction of Plaintiffs' claims for relief under Pennsylvania law.  Thereunder, Plaintiffs request all appropriate legal and/or equitable relief.

28.	Venue is appropriately laid in this Court pursuant to 28 U.S.C. 1391(b) in that the actions complained of took place within the District and the Plaintiffs and Defendants have carried on business within the District.

29.	On or about July 28, 2003, the United States Equal Employment Opportunity Commission, having considered Plaintiffs' allegations and having found reasonable cause to believe that Defendants violated the ADEA, authorized Plaintiffs to bring suit in this Court.  This right-to-sue letter was postmarked July 28, 2003.  Plaintiffs, by counsel, received a copy of this notice on or about July 30, 2003.  This action is being filed within ninety (90) days of Plaintiffs' receipt of the above-mentioned notice.

## FACTUAL ALLEGATIONS ON THE MERITS

30.	Throughout the course of each Plaintiff's employment with Defendants, each Plaintiff was fully qualified for his position and performed his duties capably.

31.	At all times relevant to this complaint, each Plaintiff has been forty (40) years of age or older.

32.	Defendants knew of each Plaintiff's age.

33.	Defendants have adopted and perpetuated policies of discrimination in violation of the ADEA and have thereby deprived each Plaintiff his right to equal and non-discriminatory treatment.

34. Defendants have, on the basis of age, discriminated against each Plaintiff with respect to his compensation, terms, conditions and privileges of employment.

35. As an employee at Bell & Howell, each Plaintiff was a member of a union, the IMMCO.

36. The average age of the union members was approximately 55.

37. Approximately 95% of the union membership was age 40 or older.

38. During negotiations over a collective bargaining agreement, Defendants made it clear that the company wanted to get rid of all the older workers.

39. On or about June 5, 2001, when Plaintiffs and other similarly situated older employees refused to be forced out, Defendants refused to let Plaintiffs and other similarly situated older employees return to their jobs.

40. Defendants took this action because of Plaintiffs' ages.

41. Defendants shortly afterward hired a substantially younger person to replace each Plaintiff and each of the other similarly situated older employees.

42. On or about October 28, 2001, Defendants forced each Plaintiff to involuntarily retire.

43. At this time, Defendants made it clear that the company was fully staffed and that there were no positions available for Plaintiffs, as Defendants had filled the positions with substantially younger workers.

44. Defendants also made it clear to each Plaintiff that if he did not agree to retire, each Plaintiff would lose his medical benefits.

45. Defendants' employment practices had a statistically significant disparate impact on older employees, disproportionately excluding them from employment.

46. As a result of Defendants' discriminatory conduct, each Plaintiff lost, without limitation, his salary, employment benefits, and a substantial percentage of his pension benefits.

47. As a further result of the Defendants' discriminatory conduct each Plaintiff has experienced emotional distress and suffered grievously and needlessly.

### COUNT I - VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

48. The allegations of all the preceding and subsequent paragraphs of this Complaint are re-alleged herein as if fully set forth.

49. Defendants have discriminated against each Plaintiff with respect to compensation, terms, conditions, and privileges of employment because of age.

50. Defendants have discriminated against each Plaintiff by, without limitation, terminating each Plaintiff's employment and denying each Plaintiff the benefits he would have otherwise received.

51. Defendants segregated and/or classified its employees in such a way which has deprived each Plaintiff of employment opportunities and otherwise adversely affect his status as an employee, because of each Plaintiff's age.

52. Any proffered non-discriminatory reasons for Defendants' actions are illegitimate and pretextual.

53. With regard to the positions held by Plaintiffs, age is not a bona fide occupational qualification reasonably necessary to the normal operation of Defendants' business.

54. Defendants' discriminatory treatment of each Plaintiff was willful, in that Defendants knew and/or showed reckless disregard for the matter of whether their conduct was prohibited by the Age Discrimination in Employment Act.

55. Any non-discriminatory explanation proferred by Defendants for this unequal treatment is pretextual.

56. Defendants have violated each Plaintiff's right to equal and non-discriminatory treatment.

## COUNT II - PENNSYLVANIA HUMAN RELATIONS ACT

57. The allegations of all the preceding and subsequent paragraphs of this Complaint are re-alleged herein as if fully set forth.

58. Defendants have, on the basis of age, discriminated against each Plaintiff with respect to compensation, terms, conditions and privileges of employment, despite the fact that each Plaintiff was the best able and most competent to perform the services required.

59. Defendants elicited information and kept a record concerning each Plaintiff's age and the age of the other employees.

60. Defendants have substantially confined and limited recruitment and hiring of individuals to circumvent the spirit and purpose of the PHRA.

61. Defendants terminated each Plaintiff's employment, and that of others similarly situated, because of age.

62. Any proffered non-discriminatory reasons for Defendants' actions are illegitimate and pretextual.

REQUESTED RELIEF

WHEREFORE, each Plaintiff requests that the Court find and determine, after trial by jury as appropriate, that each Plaintiff has suffered substantial and continuing injury as a result of Defendants' discriminatory and otherwise wrongful conduct and award the following relief, as appropriate:

(a) a declaration that Defendants have violated Plaintiffs' rights;

(b) an injunction prohibiting Defendants from any future discriminatory conduct toward Plaintiffs, including reprisal and retaliation;

(c) back pay, pension and other benefits of employment, and lost seniority rights, retroactive to the date of each Plaintiff's termination;

(d) full reinstatement;

(e) payment of future wages and benefits;

(f) compensatory damages in excess of $150,000 for each Plaintiff, for past and future pecuniary losses and non-pecuniary losses, including but not limited to pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other losses allowable;

(g) interest, attorneys' fees and costs;

(h) liquidated and punitive damages;

(i) such other legal and equitable relief as is just and proper.

JURY TRIAL DEMANDED

Date:   October 22, 2003

JORDAN B. YEAGER
PA Attorney I.D. No. 72947
BOOCKVAR & YEAGER
P.O. Box 1884
Doylestown, PA 18901
215-345-8581


THOMAS P. FISCHER
PA Attorney I.D. No.53768
BROSCIOUS & FISCHER
111 West Washington Ave.
P.O. Box 230
Washington, NJ 07882
908-689-0992

Counsel for Plaintiff